| | |
|---|---|
| ROBINSON & COLE LLP<br>Patrick M. Birney<br>Brian R. Smith (*Admitted Pro Hac Vice*)<br>Annecca H. Smith<br>666 Third Avenue, 20th floor<br>New York, NY 10017<br>Direct 212.451.2900<br>Fax 212.451.2999 | **HEARING DATE:**<br>**December 19, 2024**<br><br>**OBJECTION DATE:**<br>**December 12, 2024**<br><br>**Evidentiary Hearing Requested** |

*Attorneys for Bankwell Bank and Bankwell Properties, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>WILLIAMSBURG BOUTIQUE LLC,<br><br>Debtor. | Chapter 11<br><br>Case Number: 23-22587 (KYP) |

**MOTION PURSUANT TO § 1112(b) OF THE BANKRUPTCY**
**CODE TO DISMISS THE DEBTOR'S CHAPTER 11 CASE**

TO:    THE HONORABLE JUDGE KYU Y. PAEK
       UNITED STATES BANKRUPTCY JUDGE

The movant, Bankwell Bank (hereinafter "Bankwell"), respectfully moves to dismiss the Chapter 11 case filed by Williamsburg Boutique LLC (the "Debtor") pursuant to § 1112(b) of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 1017, 9013 and 9014 of the Federal Rules of Bankruptcy Procedure, and Rules 9013-1, 9014-1, and 9014-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").  In support of the Motion, Bankwell respectfully states:

## PRELIMINARY STATEMENT

1.  The Debtor filed its voluntary petition (the "Petition") for relief on August 7, 2023 (the "Petition Date"), almost 16 months ago. The Debtor self-identified as a "Single Asset Real Estate" debtor in the Petition. *See* Docket No. 1, p. 2. Section 101(51B) of the Bankruptcy Code defines "the term 'single asset real estate' [as] real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto." 11 U.S.C. § 101(51B).

2.  On Monday, November 18, 2024, the Debtor conveyed its single asset real estate located at 80 Ainslie Street, Brooklyn, New York (the "Real Property" or "Property") to Bankwell Properties, Inc. ("BPI") pursuant to this Court's *Order Approving the Sale of Assets of Estate and Granting Related Relief* (the "Sale Order") [Docket No. 133]; *see also Notice of Closing* ("Notice of Closing") [Docket No. 148]. Insofar as the transfer of the Property creates a total absence of a reasonable likelihood of rehabilitation, the Bankruptcy Case should be dismissed.

3.  Dismissal is also appropriate because the Debtor has failed to pay and lacks the financial wherewithal to pay taxes and expenses that are necessary to effectuate a plan (the "Plan Obligations"), and has failed to comply with the *Stipulation And Order Referring Matters To Mediation And Appointing Mediator*, entered by this Court on August 26, 2024 (the "Mediation Order") [Docket No. 105].

4.     Cause for dismissal can also be established for those reasons articulated in Bankwell's *Motion to Appoint Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)* (the "Trustee Motion") [Docket No. 95], some of which remain unremedied.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this Motion pursuant to 29 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate upon which relief is requested is §§ 1129(b) and 1104 of the Bankruptcy Code.

## BACKGROUND

### A. The Main Bankruptcy Case

6.     The Debtor is a New York limited liability company and a single asset real estate entity pursuant to 11 U.S.C. §101(51B). In September 2017, Bankwell made two loans to the Debtor in the aggregate amount of $10,500,000.00 (the "Loans") to finance construction of a mixed-use development at the Property to be completed by August 31, 2019.

7.     Bankwell was induced to extend the Loans based, in part, upon receiving mortgages on the Property and a Payment, Performance and Completion Guaranty (the "Guaranty") from Juda Klein ("Mr. Klein"), his father, Mendel Klein and Simon Tyrnauer (the "Guarantors"). Under the Guaranty, each of the Guarantors guaranteed, unconditionally, jointly and severally with each other, the Loans, including the Debtor's prompt payment, performance and completion of its obligations under the documents related to the Loans including, without limitation, the lien free completion of the development project. As personal guarantors of the Loans by virtue of the Guaranty, each Guarantor is liable, jointly and severally, for the amounts due on the Loans.

3

8. The Debtor was in default under the Loans and Bankwell commenced an action to enforce the Guaranty in the State of Connecticut Superior Court (the "Guaranty Action"). On the Petition Date, Bankwell and the Guarantors were about to commence trial on the Guaranty Action.

9. On October 3, 2023, the Debtor filed its *Motion to Extend Automatic Stay To State Court Action Against Debtor's Principals* (the "Stay Motion") [Docket No. 23], whereby the Debtor sought to unlawfully extend the automatic stay provisions of section 362 of the Bankruptcy Code to stay the Guaranty Action. Bankwell opposed the Stay Motion and after oral argument the Court (Lane, U.S.B.J.) denied the Stay Motion on October 30, 2023. *See* Docket No. 27.

10. On October 31, 2023, and purportedly under this Court's "related to" jurisdiction, this Debtor improperly removed the Guaranty Action to the U.S. District Court for the District of Connecticut in the matter captioned *Bankwell Bank v. Juda Klien*, et al., Case No. 3:23-cv-01425-OAW. On November 22, 2023, Bankwell Bank sought to remand the Guaranty Action to the Connecticut Superior Court (the "Remand Motion"). More than year after the Debtor's improper removal of the Guaranty Action, the Remand Motion remains pending before the District Court.

11. On December 12, 2023, the Debtor also filed its *Motion to Sell Property Free and Clear of Liens Under Section 363(f) and Approve Bidding Procedures* (the "Sale Motion") related to the Property. [Docket No. 37]. After the Debtor and Bankwell resolved *Bankwell Bank's Limited Objection to Debtor's Motion for Entry of Order (I) Approving Bid Procedures in Connection with Proposed Sale of Assets of Estate and (II) Authorizing Auction Sale* [Docket No. 51], the Court entered its Order approving the bidding procedures. [Docket No. 59].

4

12. Notwithstanding extensive marketing of the Property by Northgate Real Estate Group through the first and second quarters of 2024, only BPI submitted a bid on the Property by the Bid Deadline imposed by the Court.

13. On August 27, 2024, the Court entered the Mediation Order and the parties participated in mediation on September 4, 2024. The Parties were unable to resolve their various disputes regarding the Mediation.

14. On October 21, 2024, the Court entered the Sale Order.

15. On November 1, 2024, Leslie A. Berkoff, Esq., the mediator appointed pursuant to the Mediation Order, filed a letter reflecting that neither the Debtor nor Mr. Klein satisfied their payment obligations under the Mediation Order [Adv. Pro. No. 24-ap-07005-kyp, Docket No. 27]. As of November 20, 2024, the Debtor and Mr. Klein have failed to satisfy payment of the mediator in accordance with the Mediation Order.

16. As part of the BPI's diligence related to the Sale Order, BPI has also confirmed that the Debtor owes $483,253.53 for unpaid real estate taxes dating back to July 1, 2022, and has failed and refused to pay real estate property taxes since the Petition Date.

17. On November 18, 2024, the Debtor transferred the Property to BPI pursuant to the Sale Order.[1]  *See* Notice of Closing.

### B. The Adversary Proceeding

18. On February 27, 2024, the Debtor filed an adversary proceeding against the Bank related to certain alleged conduct by the Bank arising after the Debtor's default under the Loans.

---

[1] On November 11, 2024, Keap Street Holdings, LLC filed its Notice of Appeal of the Sale Order. *See* Docket No. 146. Keap Street Holdings, LLC did not seek to stay the Sale Order.

5

*Williamsburg Boutique LLC v. Bankwell Bank*, No. 24-ap-07005-kyp (Bankr. S.D.N.Y.) (the "Adversary Proceeding"). The Bank moved to dismiss the Adversary Proceeding, which the Debtor opposed. The motion to dismiss has been fully brief, argued and remains under advisement by the Court.

## ARGUMENT

### I.    Standard of Review

19.    As of the Petition Date, § 1112(b) of the Bankruptcy Code provided that the Court may dismiss or convert a chapter 11 case for "cause." 11 U.S.C. § 1112(b). Specifically, the statute reads:

> Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104 (a)(3), on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b)(1) (emphasis added). Thus, under the provisions of § 1112(b)(1) effective on the Petition Date, a court *must* dismiss or convert a chapter 11 case upon finding cause, unless one of three narrow exceptions apply. *In re Anvil Holdings LP*, 595 B.R. 622, 628 (Bankr. W.D.N.Y. 2019); *In re Gateway Access Solutions, Inc.,* 374 B.R. 556, 560 (Bankr. M.D. Pa 2007); *In re 3 Ram, Inc.*, 343 B.R. 113, 117 (Bankr. E.D. Pa. 2006); *In re TCR of Denver, LLC*, 338 B.R. 494, 498 (Bankr. D. Colo. 2006). The moving party bears the burden to establish, by a preponderance of the evidence, that cause exists to dismiss the case. *See In re BH S & B Holdings, LLC*, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010).

20.    The first exception allows a court to continue the case if "unusual circumstances" exist establishing that "conversion or dismissal is not in the best interests of creditors and the

6

estate." 11 U.S.C. § 1112(b)(1).  The second exception provides that a court may maintain the case by appointing a chapter 11 trustee. *Id.* (citing 11 U.S.C. § 1104(a)(3)).  Finally, the third exception provides that absent unusual circumstances, a court need not convert or dismiss the case if three requirements are met:

> a. There is a reasonable likelihood that a plan will be confirmed within a reasonable time;
>
> b. The grounds for converting or dismissing the case include an act or omission by the debtor other than the substantial or continuing loss or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; and
>
> c. There exists a reasonable justification for the act or omission demonstrating cause to dismiss the case and the act or omission can be cured within a reasonable time fixed by the court.

*See* 11 U.S.C. § 1112(b)(2).  In the instant matter, and as described more fully below, none of the narrow exceptions to mandatory dismissal or conversion apply.  Accordingly, the Court must dismiss or convert the Debtor's case under § 1112(b) of the Bankruptcy Code.

## II.    The Debtor's Actions and Inaction Constitute "Cause" Under § 1112(b)(1)

### A.    There Is a Substantial and Continuing Loss to and Diminution of the Estate and There Is an Absence of a Reasonable Likelihood of Rehabilitation

21.    The first step in analyzing whether dismissal or conversion is mandatory under § 1112(b)(1) is determining whether "cause" exists.  Section 1112(b)(4) provides a non-exclusive list of sixteen examples of cause for conversion or dismissal.  11 U.S.C. § 1112(b)(4)(A)-(P).  The first enumerated "cause" for dismissal, for which no exception applies, is the "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." *Id.*  Proving this basis conclusively establishes cause under § 1112(b)(1). *In re Rubio*, No. 09-75163, 2011 WL 124458, at *3 (Bankr. E.D.N.Y. Jan 13, 2011) ("[T]he unusual circumstances exception to dismissal or conversion under Section 1112(b)(2) is inapplicable

7

where the movant seeks dismissal or conversion based on the loss and diminution of estate assets and absence of a reasonable likelihood of rehabilitation under Section 1112(b)(4)(A).")

22. As to the first prong, it is beyond peradventure that there is a substantial and continuing loss to and diminution of the Debtor's bankruptcy estate. As noted in the Background Section, *supra*, the Debtor is a single asset real estate debtor and the single asset has been transferred to BPI pursuant to a Court-supervised sale process and the entry of the Sale Order. To the extent the Debtor contends that the Adversary Proceeding can provide a meaningful recovery to the Debtor's estate, such an argument is too speculative to be seriously considered. *See, e.g.*, *W.R. Grace & Co.*, 729 F.3d 332, 348–49 (3d Cir. 2013) (Third Circuit holding that a plan is not feasible if it "hinges on future litigation that is uncertain and speculative, because success in such cases is only possible, not reasonably likely"); *In re Nelkin & Nelkin P.C.*, 662 B.R. 550, 564 (Bankr. S.D. Tex. 2024) ("[S]peculative recovery from pending litigation cannot satisfy the feasibility requirement."); *In re Soppick*, 516 B.R. 733, 760–61 (Bankr. E.D. Pa. 2014) (denying debtor's plan as not feasible because it was based on speculative funding from pending litigation); *In re Stanley*, 296 B.R. 402, 409 (Bankr. E.D. Va. 2002) (denying confirmation where plan would be funded by a speculative sale of land).

23. In turn, the Debtor's estate lacks sufficient funds or resources to, *inter alia*, pay administrative expense claims, including real estate property tax obligations; or make payments to other estate creditors today or in the future under a plan. The Debtor simply cannot confirm a plan, and the Debtor's estate is a textbook example of "substantial or continuing loss to or diminution of an estate." Thus, the first prong of the § 1112(b)(4)(A) test is easily satisfied.

24. The "reasonable likelihood of rehabilitation" standard under § 1112(b)(4)(A) focuses on whether the debtor can formulate within a reasonable amount of time a reasonably

8

detailed business plan. *See In re 3868-70 White Plains Rd.*, 28 B.R. 515, 518-19 (Bankr. S.D.N.Y. 1993). In the context of a single asset real estate case—such as this Case—§ 362(d)(3) mandates that Plan be filed within 90 days of the Petition Date. *See* 11 U.S.C. § 362(d)(3).

25. There are no resources available to satisfy the confirmation requirements mandated by § 1129(a). The Debtor's Schedules and Monthly Operating Report and the consummation of the Sale Order demonstrate that rehabilitation is impossible. As such, the second prong of the § 1112(b)(4)(A) test is also easily satisfied.

26. Because Bankwell can establish as a matter of law that the cause exists to dismiss or convert this case pursuant to § 1112(b)(4)(A), Bankwell's Motion should be granted.

**B.    The Debtor Has Failed to Satisfy Real Estate Property Tax Obligations or Payment to the Mediator in Accordance with the Mediation Order**

27. Additionally, sections 1112(b)(4)(E) and (I) of the Bankruptcy Code provide that "cause" exists to dismiss the case if the Debtor fails to timely pay taxes owed after the Petition Date or fails to comply with a Court Order. *See* 11 U.S.C. § 1112(b)(4)(E) and (I). The diligence that Bankwell has undertaken related to the sale of the Property pursuant to the Sale Order reflects that the Debtor has not paid and simply lacks the financial resources to satisfy the tax obligation arising after the Petition Date. The Debtor has also failed to pay Attorney Leslie Berkoff, the duly appointed mediator, pursuant to the Mediation Order. For these reasons, as well, cause exists to dismiss the case pursuant to §1112(b)(4)(E) and (I) of the Bankruptcy Code.

**C.    There Are No "Unusual Circumstances" and the Appointment of a Chapter 11 Trustee is Unnecessary**

28. There are no "unusual circumstances" under § 1112(b) requiring the continuance of this case or the appointment of a chapter 11 trustee. This is true for one effective reason: dismissal or conversion is warranted based upon the continued loss of and diminution to the

9

estate and absence of a reasonable likelihood of rehabilitation. *See e.g. In re Halpern*, 299 B.R. 67, 73 (Bankr. E.D.N.Y. 1999) ("Courts will dismiss chapter 11 cases…where the debtor lacks the ability to formulate a plan or carry it out."); *In re Emergystat of Sulligent, Inc.*, No. 07-51394, 2008 WL 597613, at *9 (Bankr. E.D. Tenn. Feb. 29, 2008) (finding no "unusual circumstances" because, *inter alia*, "[t]here is no reasonable likelihood that a plan will be confirmed within a reasonable period of time.").

### D.  The Criteria Under § 1112(b)(2) Cannot be Satisfied

29.  The remaining exception to mandatory dismissal or conversion is whether the "catch-all" provision of § 1112(b)(2) applies.[2] Section 1112(b)(2) provides that, absent unusual circumstances, the court may not convert or dismiss a case if the following three criteria are satisfied: (1) there is a reasonable likelihood that a plan will be confirmed within a reasonable amount of time; (2) the grounds for converting or dismissing the case include an act or omission by the debtor *other than* the substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; *and* (3) there exists a reasonable justification for the act or omission demonstrating cause to dismiss the case and the act or omission will be cured within a reasonable time fixed by the court. *See* 11 U.S.C. § 1112(b)(2). All three requirements must be satisfied under § 1112(b)(2) for the exception to apply. *See In re Pittsfield Weaving Co.*, 393 B.R 271, 276 (Bankr. D.N.H. 2008).

30.  It is plain that the "catch-all" exception cannot be satisfied. First, in addition to a substantial and continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation, the Case should be dismissed or converted because of the Debtor's

---

[2] This section only applies to the arguments raised by Bankwell in Sections B and C, *supra*, inasmuch as if there is a "substantial or continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation" the "catch-all exception" does not apply. *See* 11 U.S.C. § 1112(b)(2)(B); *In re JJ Arch LLC*, 663 B.R. 258, 289 (Bankr. S.D.N.Y. 2024).

10

failure to pay real estate property taxes on and after the Petition Date and satisfy the payment to the mediator in accordance with the Mediation Order. *See* Sections B and C, *supra*. Not only does the Debtor's failure to pay post-petition taxes demonstrate a continuing loss or diminution of the estate, it is also a factor that the Court must consider when analyzing the "no reasonable likelihood of rehabilitation" prong of 11 U.S.C. § 1112(b)(2). *See Matter of Santiago Vela*, 87 B.R. 229, 231-32 (Bankr. D.P.R. 1988).

31. Second, under subsection (b)(2)(B)(i), the Debtor cannot provide any reasonable justification for not satisfying real estate property taxes or payment to Attorney Berkoff. It simply cannot satisfy these obligations.

32. Accordingly, the exception found in § 1112(b)(2) cannot be satisfied and dismissal is mandatory.

### III. The Legal and Factual Arguments Supporting the Appointment of the Chapter 11 Trustee Also Constitute "Cause" to Dismiss the Case Under § 1112(b)(1)

33. Bankwell incorporates by reference the legal and factual arguments advanced in the Trustee Motion as if fully set forth herein. Those legal and factual arguments provide additional "cause" under section 1112(b)(1) of the Bankruptcy Code to dismiss the Case.

### REQUEST FOR EVIDENTIARY HEARING

34. Pursuant to Local Bankruptcy Rule 9014-2, and because the relief requested relies solely on the existing record of this case and legal argument, Bankwell respectfully requests that the Court schedule the initial hearing on the Motion as an evidentiary hearing.

### CONCLUSION

For the reasons set forth above, this Court should enter an order dismissing, with prejudice, the Debtor's Chapter 11 case for cause pursuant to § 1112(b) of the Bankruptcy Code

and scheduling an evidentiary hearing on this Motion on December 19, 2024 at 10:00 AM or as soon thereafter as counsel may be heard.

        ROBINSON & COLE LLP

        By: /s/ *Patrick M. Birney* _____
           Patrick M. Birney
           Brian R. Smith (*Admitted Pro Hac Vice*)
           Annecca H. Smith
           666 Third Avenue, 20th floor
           New York, NY 10017
           Direct 212.451.2900
           Fax 212.451.2999
           pbirney@rc.com
           bsmith@rc.com
           asmith@rc.com

        *Counsel for Bankwell Bank*