DAVIDOFF HUTCHER & CITRON LLP  *Hearing Date:*
*Attorneys for the Debtor*  *December 19, 2024 @ 10:00 A.M.*
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 381-7400
Jonathan S. Pasternak, Esq.
Robert L. Rattet, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>WILLIAMSBURG BOUTIQUE LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 23-22587(KYP) |

**OBJECTION TO THE MOTION OF BANKWELL BANK
SEEKING ENTRY OF AN ORDER DISMISSING CHAPTER 11 CASE
PURSUANT TO 11 U.S.C. § 1112(b)**

**TO:   THE HONORABLE KYU Y. PAEK,
UNITED STATES BANKRUPTCY JUDGE:**

Williamsburg Boutique LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), by its undersigned attorneys, Davidoff Hutcher & Citron LLP, respectfully submits this Objection (the "Objection") to the Motion of Bankwell Bank ("Bankwell", or the "Movant"), seeking entry of an order dismissing the Debtor's Chapter 11 case pursuant to 11 U.S.C. § 1112(b) (the "Motion"), and in support thereof, avers as follows:

**SUMMARY OF THE OBJECTION**

Much as it attempted in its motion to appoint Chapter 11 Trustee [ECF Doc. 95], Movant is again apparently trying to perform an "end run" around the adversary process, where material and bona fide disputes concerning the Debtor's lender liability claims exist and are in matured process already. Movant would prefer, for its own self-serving purposes, that the Court simply

dismiss the Chapter 11 case to avoid litigating and having to defend the Debtor's lender liability action which is pending before the Court.

In the event that the Debtor is successful on its claims, Bankwell's disputed claims may be subordinated under Bankruptcy Code Section 510(c), paving the way for a confirmable plan of reorganization so that the Debtor can make distributions to its other legitimate, non-disputed creditors.

Instead of defending the Debtor's claims, Bankwell prefers the claims be swept under a rug and simply dismissed without adjudication on the merits to the direct prejudice and detriment of the Debtor's other creditors.

In addition, there is a pending appeal of the Sale Order entered in the Chapter 11 case [ECF. 146] which further precludes the Court's ability to dismiss and/or close the Chapter 11 case.

Since the Debtor's property has been sold, there are no continuing administrative costs of the Chapter 11 estate other than professional fees which are subject to further application and award.

Until the Debtor's claims against Bankwell are fully and finally adjudicated, including any appeals thereon, it is still possible that the Debtor can promulgate and confirm a plan of reorganization.

Accordingly, the Motion should be denied and the case continued until the final adjudicated results of the pending appeal of the Sale Order and the Lender Liability Adversary proceeding are known.

As to Bankwell's complaint as to the Debtor's inability to pay its post-petition obligations, such obligations related to the Property have now been satisfied, albeit by Bankwell; however, Bankwell directly benefited from such payments, whereas the estate received no benefit and could have simply abandoned the Property under Section 544 of the Bankruptcy Code.

Accordingly, no purpose would be served by dismissal and such dismissal will only prejudice the other creditors of the Debtor's estate.

As alleged in the Debtor's lender liability complaint, the condition of the property as sold in its incomplete and vulnerable state, and the Debtor's lack of capital to pay ongoing expenses related to the Property, was caused by Bankwell's alleged improper defaulting of the Debtor in the first place. Now, Bankwell would like to see those claims disappear and be absolved from their own wrongdoing. That, and the Motion itself, is not a proper use of the Bankruptcy Court. Instead, the Chapter 11 case, the appeal of the Sale Order and the lender liab8lity adversary proceeding should be allowed to proceed to completion.

Tellingly, Movant offers no legitimate showing that dismissal would actually benefit this estate. Indeed, Debtor and its counsel are proactively objecting to disputed claims (including Movant's) and prosecuting all causes of action belonging to the estate. Debtor also has already filed a Chapter 11 Plan of Liquidation (the "Plan") and, if successful in its claims against Bankwell, would be in position to confirm that Plan shortly. Debtor has been exceptionally efficient in its efforts; any increase in administration expenses about which the Movant complains is the result of Debtor's responses to *Movant's own wasteful and litigious efforts*.

At bottom, dismissal has only the potential to benefit Movant, while all other creditors and the estate will face a total loss.

For all of these reasons, the Motion should be denied.

## LEGAL ARGUMENT

Movant seeks to dismiss this Chapter 11 case pursuant to Section 1112(b)(1) of the Bankruptcy Code, which provides in pertinent part that:

> [O]n request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1).

Section 1112(b)(4) then sets forth a non-exclusive list of grounds that constitute "cause" under subsection 1112(b)(1). Section 1112(b)(4) of the Bankruptcy Code describes a variety of enumerated factors that may constitute "cause" for dismissal, including, the substantial or continued diminution of the estate and absence of a reasonable likelihood of rehabilitation, gross mismanagement of the estate, unexcused failure to satisfy timely any filing or reporting requirements, failure to timely provide information requested by the United States Trustee, failure to timely pay post-petition taxes, or failure to pay fees required under title 28. 11 U.S.C. §1112(b)(4). This list is illustrative but not exhaustive of the events that can constitute cause. *In re State Street Assoc.*, 348 B.R. 627 (Bankr. N.D.N.Y. 2006) (citing *In re 3 Ram, Inc.*, 343 B.R. 113 (Bankr. E.D. Pa. 2006)); see also *In re The 1031 Tax Group, LLC*, 374 B.R. 78 (Bankr. S.D.N.Y. 2007) (a case may be dismissed for reasons other than those specified in section 1112(b), as long as the reasons establish "cause").

For instance, even in the absence of one of the factors identified in Section 1112(b)(4), courts in the Second Circuit have recognized an implicit requirement that a Chapter 11 case must be filed in good faith. *In re C-TC 9th Avenue Partnership*, 113 F.3d 1304 (2d Cir. 1997) (bankruptcy court may dismiss a chapter 11 filing upon a finding that the case was filed in "bad faith" even without consideration of the factors set out in section 1112(b)); *see also In re Gen.*

4

*Growth Props., Inc.*, 409 B.R. 43, 56 (Bankr. S.D.N.Y. 2009); *In re Kingston Square Assocs.*, 214 B.R. 713, 725 (Bankr. S.D.N.Y. 1997) ("a bankruptcy petition will be dismissed if both objective futility of the reorganization and subjective bad faith in filing the petition are found").

The leading case in the Second Circuit on the dismissal of a case for bad faith is *CTC 9th Ave. P'ship*. *See Gen. Growth Props.*, 409 B.R. at 56. The bad faith standard in the Second Circuit requires showing "both objective futility of the reorganization process and subjective bad faith in filing the petition." *Kingston Square*, 214 B.R. at 725; *Gen. Growth Props.*, 409 B.R. 43, 56 (Bankr. S.D.N.Y. 2009) (following the standard articulated in *Kingston Square Assocs.*). Once a movant has established the existence of both subjective bad faith and objective futility, "a rebuttable presumption of bad faith arises and the burden shifts to the debtor 'to establish good and sufficient reasons why the relief should not be granted.'" *Squires Motel, LLC v. Gance (In re Squires Motel, LLC)*, 426 B.R. 29, 34 (N.D.N.Y. 2010) (quoting *In re Yukon Enters.*, Inc., 39 B.R. 919, 921 (Bankr. C.D. Cal. 1984)). In other words, the debtor must demonstrate the existence of "unusual circumstances" that establish that "dismissal is not in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1)–(2); *see also Squires Motel*, 39 B.R. at 921. "Once a party establishes cause, a court must examine whether dismissal or conversion of a case under chapter 7 is in the best interests of the creditors and the estate." *In re BH S & B Holdings, LLC*, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010).

"[A] determination of bad faith requires a full examination of all the circumstances of the case; it is a highly factual determination but also one that may sweep broadly." *C-TC 9th Ave. P'ship.*, 113 F.3d at 1312. *In C-TC 9th Ave. P'ship.*, the court identified eight factors indicative of a bad faith filing: (1) the debtor has only one asset; (2) the debtor has few unsecured creditors whose claims are small in relation to those of secured creditors; (3) the debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt; (4) the debtor's

5

financial condition is, in essence, a two party dispute between the debtor and secured creditors which could be resolved in [a] pending state foreclosure action; (5) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights; (6) the debtor has little or no cash flow; (7) the debtor cannot meet current expenses including the payment of personal property and real estate taxes; and (8) the debtor has no employees. *Id.* at 1311 (citing *Pleasant Pointe Apartments, Ltd. v. Ky. Hous. Corp.*, 139 B.R. 828, 832 (W.D. Ky. 1992); *see also In re Project Orange Assocs.*, 432 B.R. 89, 113 (Bankr. S.D.N.Y. 2010) (applying the *C-TC 9th Avenue P'ship.* factors).

No one factor is determinative of good (or bad) faith, and the Court "must examine the facts and circumstances of each case in light of several established guidelines or indicia, essentially conducting an 'on-the-spot evaluation of the Debtor's financial condition [and] motives[.]'" *Kingston Square Assocs.*, 214 B.R. at 725, quoting *In re Little Creek Development Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986). "It is the totality [**34] of circumstances, rather than any single factor, that will determine whether good faith exists." *Kingston Square Assocs.*, 214 B.R. at 725, citing Cohoes, 931 F.2d at 227. On the other hand, "[s]ingle asset cases have been particularly affected by the bad faith standards. In some courts, it takes a Sisyphean effort by the debtor to avoid a finding of bad faith in a single asset case." 3 Collier on Bankruptcy P 362.07 (16th 2024).

Despite Movant's assertions to the contrary, very few of the factors in *C-TC 9th Ave. P'ship.* are present in this case.

Factor one, the Debtor concedes.

Factor two is not applicable as the Debtor has multiple non-insider unsecured creditors whose claims exceed $3 million See Debtors Schedules, ECF Doc. 1; See also Claims Register.

Factor 3 is no longer applicable due to the sale of the Property and in further light of the Debtor's lender liability adversary proceeding.

Bankwell cannot argue that this Chapter 11 case is a two-party dispute because the Debtor has several unsecured creditors listed in its schedules. Additionally, the Debtor is still entitled to a reasonable amount of time to refinance the Property.

Fifth, the Debtor disputes the assertion that this case was filed to delay and frustrate Movant's right to foreclose on the Property. The Debtor filed its Chapter 11 case to preserve its own management and ownership interests in the Property.

Factors six, seven, and eight the Debtor concedes but adds that these factors exist due to Bankwell's own bad faith as alleged in the lender liability adversary complaint.

No other factors or considerations weigh in favor of granting the Motion.

Finally, as a result of all of the foregoing, the best interests of the Debtor's estate would be served by a denial of the Motion and the continuation of the lender liability adversary proceeding which is the only hope for a return to unsecured creditors.

## **CONCLUSION**

For the foregoing reasons, the Debtor respectfully requests that the Court deny the Motion in its entirety and grant such other and further relief as the Court deems just and proper.

Dated: December 12, 2024
White Plains, New York

        Respectfully,

        DAVIDOFF HUTCHER & CITRON LLP
        *Attorneys for the Debtor*
        120 Bloomingdale Road, Suite 100
        White Plains, New York 10605
        (914) 381-7400

        By: */s/ Jonathan S. Pasternak*
        Jonathan S. Pasternak.
        Robert L. Rattet, Esq.