WILLIAM K. HARRINGTON
United States Trustee for Region 2
One Bowling Green
New York, New York 10004
Telephone: (212) 510-0500
By: Shara Cornell
    Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
|                                                        | :   | Case No. 23-22587-KYP |
| In re                                                  | :   |                       |
|                                                        | :   | (Chapter 11)          |
| WILLIAMSBURG BOUTIQUE LLC,                             | :   |                       |
|                                                        | :   |                       |
| Debtor.                                                | :   |                       |
|                                                        | :   |                       |
---------------------------------------------------------x

**MEMORANDUM OF LAW OF THE UNITED STATES TRUSTEE
IN SUPPORT OF MOTION FOR AN ORDER DISMISSING THIS CASE,
OR, IN THE ALTERNATIVE, CONVERTING TO CHAPTER 7**

**TO THE HONORABLE KYU Y. PAEK
UNITED STATES BANKRUPTCY JUDGE:**

    This memorandum of law is in support of the motion (the "**Motion**") of William K. Harrington, the United States Trustee for Region 2 (the "**United States Trustee**"), for an order dismissing the case of Williamsburg Boutique LLC (the "**Debtor**") or converting to one under Chapter 7 of the Bankruptcy Code. In support thereof, the United States Trustee respectfully alleges the following:

### I.  INTRODUCTION

    "Cause" exists under 11 U.S.C. § 1112(b)(4) to dismiss or convert this Chapter 11 case. This single-asset real estate case was filed almost a year and a half ago. Despite languishing in bankruptcy for upwards of a year, the Debtor has yet to propose a confirmable plan of reorganization. Moreover, on November 18, 2024, almost a month ago, the Debtor conveyed its sole asset via Court approved sale. Now that the Debtor is assetless with no ongoing business,

there is no reasonable likelihood that it can propose a confirmable plan of reorganization. Indeed, the Debtor continues to accrue administrative expenses and costs associated with the ongoing bankruptcy but has no apparent ability to fund these costs. Accordingly, cause exists to dismiss or convert this case pursuant to 11 U.S.C. § 1112(b). The United States Trustee recommends dismissal for the reasons set forth below.

## II.  FACTS

1. On August 7, 2023, (the "**Petition Date**"), the Debtor filed a voluntary petition (the "**Petition**") for relief under title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"). ECF Dkt. No. 1.

2. On August 9, 2023, the Debtor file its Amended Schedule A/B ("**Schedule A/B**"). ECF Dkt. No. 9. The Debtor stated, under penalty of perjury, that its only asset was real property located at 80 Ainslie Street, Brooklyn, New York, 1211, Block No. 2375, Lot No. 12 (the "**Real Property**"). *Id*. at ¶ 55. The Debtor valued the Real Property at $15,700,000.00. *Id*.

3. On August 9, 2023, the Debtor filed its Local Rule 1007 Affidavit (the "**Klein Affidavit**"). ECF Dkt. No. 8. The Klein Affidavit stated that "the Debtor was formed to acquire title to the [Real Property]". *Id*. at ¶ 3.

4. The Klein Affidavit further asserted that "[t]he needs and interests of the Debtor's creditors will **best be served by the continued possession of their property** and management of their affairs as debtor-in-possession under Chapter 11 until a restructuring plan can be formulated and presented to creditors." *Id*. at ¶ 19 (emphasis added).

5. A chapter 11 plan and disclosure statement were due by December 5, 2023. *Id*.

6. On October 31, 2023, the Debtors filed a Chapter 11 Plan of Reorganization (the

2

"**Plan**") and Disclosure Statement (the "**Disclosure Statement**"). ECF Dkt. Nos. 26 and 27. The Debtor did not move for scheduling of a hearing on the adequacy of the Disclosure Statement or for confirmation of the Plan. *See* ECF.

7.  On December 13, 2023, the Debtor filed its Motion to Sell Property Free and Clear of Liens (the "**Sale Motion**"). ECF Dkt. No. 37.

8.  On May 30, 2024, the Debtor filed the Auctioneer's Report of Sale, Report of Qualified Bid and Notice of Cancellation of Auction (the "**Auctioneer Report**"). ECF Dkt. No. 84. The Auctioneer Report stated that the submitted qualified bit was $9,380,000 in the form of a credit bid. *Id*.

9.  On July 10, 2024, Bankwell Bank ("**Bankwell**") filed its Motion to Appoint Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a) (the "**Trustee Motion**"). ECF Dkt. No. 95. The Trustee Motion has been adjourned from time to time. As of the date of this Motion, there has been no adjudication of the Trustee Motion. *See* ECF.

10. On October 9, 2024, the Court issued the Memorandum Decision Resolving Outstanding Issues on the Sale of the Debtor's Real Property to Bankwell. ECF Dkt. No. 128.

11. On October 21, 2024, the Court entered the Order Granting the Sale Motion. ECF Dkt. No. 133.

12. On November 20, 2024, Bankwell filed its Motion to Dismiss and Request for Evidentiary Hearing. ECF Dkt. No. 151.

13. On December 2, 2024, the Debtor filed the Chapter 11 Monthly Operating Report for the Month ending September 30, 2024 (the "**September MOR**"). ECF Dkt. No. 163. The September MOR states that the Debtor had a cash balance at the end of the month of $0.54. *Id*. at

¶ 1. Total current assets were valued at $15,700,000. Post-petition taxes payable were valued at $81,305.52. *Id*. at ¶ 2. Post-petition taxes past due were valued at $93,542.20. *Id*. The Debtor valued its profit for the month as $0.00 with $0.00 gross income/sales. *Id*. at ¶ 4. The Debtor valued its post-petition taxes accrued for the month of September as $174,847.72. *Id*. at ¶ 6. In response to the question "Are you current on post-petition tax payments?", the Debtor responded, "No." *Id*. at ¶ 7(e).

14. Also on December 2, 2024, the Debtor filed the Chapter 11 Monthly Operating Report for the Month ending October 31, 2024 (the "**October MOR**"). ECF Dkt. No. 164. The October MOR states that the Debtor had a cash balance at the end of the month of $0.54 and total receipts of $400.00. *Id*. at ¶ 1. Total current assets were valued at $15,700,000. *Id*. at ¶ 2. Post-petition taxes payable were valued at $81,305.52. *Id*. Post-petition taxes past due were valued at $93,542.20. *Id*. at ¶ 2. The Debtor valued its profit for the month as $0.00 with $0.00 gross income/sales. *Id*. at ¶ 4. The Debtor valued its post-petition taxes accrued for the month of October as $174,847.72. *Id*. at ¶ 6. In response to the question "Are you current on post-petition tax payments?", the Debtor responded, "No." *Id*. at ¶ 7(e).

### III. APPLICABLE STANDARDS

Section 1112(b) of the Bankruptcy Code provides that on request of a party in interest, and after notice and a hearing, "the court <u>shall</u> convert a case under [Chapter 11] to a case under chapter 7 or dismiss [it] …, whichever is in the best interests of creditors and the estate, if the movant establishes cause."   11 U.S.C. § 1112(b)(1) (emphasis added).

Section 1112(b)(4) contains sixteen examples of events that constitute cause for conversion or dismissal. *In re FRGR Managing Member, LLC*, 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009).

The list of events under subsection (b)(4) is not exhaustive and courts may consider other factors. *Id.*; *see also In re Gucci*, 174 B.R. 401, 409 (Bankr. S.D.N.Y. 1994) (noting that bankruptcy court was "not limited to the ten, non-exhaustive, enumerated grounds in 11 U.S.C. §1112(b)(1)-(10) for finding cause."). The burden of demonstrating cause rests with the movant. *In re BHS & B Holdings, LLC*, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010); *In re Ameribuild Const. Mgmt., Inc.*, 399 B.R. 120, 132 (Bankr. S.D.N.Y. 2009).

"Cause" to convert or dismiss is not limited to the expressly enumerated provisions of section 1112(b)(4). *In re TCR of Denver, LLC*, 338 B.R. 494, 500 (Bankr. D. Colo. 2006) (noting "the Court may dismiss a Chapter 11 case for reasons other than those specified in section 1112(b) as long as those reasons satisfy 'cause.'"); *see also* Alan Resnick, Henry J. Sommer, and Lawrence P. King, Collier on Bankruptcy ¶ 1112.01[2][a] (15th ed. 2006) (explaining section 1112(b) "simply enumerates examples of cause, . . . and a court may convert or dismiss a chapter 11 case for reasons other than those specified in section 1112(b) so long as the reasons are sufficient to demonstrate cause.").

## IV. ARGUMENT

### A. Cause Exists to Dismiss or Convert this Case

Cause exists to dismiss or convert this bankruptcy case. The Debtor cannot put forth a confirmable plan. The Debtor's only asset, the Real Property, has been sold. *See* Schedule A/B. The Debtor has no income or other financial assets to fund a plan. *See, e.g.*, September MOR and October MOR. The Debtor has had a monthly ending balance of 54 cents for the months of September and October. *Id*. The Debtor previously stated in the Klein Declaration that the Debtor's intention for this bankruptcy was to retain the Real Property in order to fund a plan to pay creditors.

5

*See* Klein Declaration at ¶ at 19. Accordingly, the Debtor has no ability to propose a successful plan of reorganization.

Moreover, the Debtor continues to accrue administrative expenses. As evidenced by the Debtor's September MOR and October MOR, the Debtor has significant unpaid post-petition taxes that need to be paid. Moreover, Debtor continues to accrue United States Trustee fees in addition to fees for counsel.[1] There is no plan on the horizon nor any source of funds to pay these ongoing administrative expenses. Accordingly, cause exists to dismiss this bankruptcy case.

**B. There are No Unusual Circumstances Establishing that Dismissal is Not in the Best Interests of Creditors and the Estate**

Under section 1112(b)(2) of the Bankruptcy Code, after the movant shows cause, the burden shifts to the debtor and other parties in interest to show that there are "unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(2).

There are no unusual circumstances in this case that would establish that dismissal is not in the best interests of creditors and the estate. Creditors have patiently waited for the Debtor to propose a confirmable plan in order to receive distributions for a year and a half. Should this case be dismissed, creditors would be afforded an opportunity to collect on their outstanding claims without being held captive by the Debtor's continued delays, and apparent inability to fund a plan of reorganization.

---

[1] It is unclear if funds were escrowed from the sale of the Real Property to pay United States Trustee Fees. If not, this also supports the imposition of a Chapter 11 Trustee. In the alternative to dismissal, the United States Trustee supports the appointment of a Chapter 11 Trustee.

### C. The United States Trustee Recommends Dismissal

As set forth above, parties have patiently waited for distributions while the Debtor receives the benefits of the bankruptcy process, including the automatic stay. Moreover, based on the Debtor's Schedule A/B, the Debtor has no assets available for administration by a chapter 7 trustee if converted. The Debtor's only asset, the Real Property, was sold a month ago. The Debtor has only $0.54 in its bank accounts. Accordingly, the United States Trustee recommends conversion rather than dismissal.

### CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that the Court enter dismissing this bankruptcy case pursuant to 11 U.S.C. § 1112(b) and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
       December 12, 2024

                                        Respectfully submitted,

                                        WILLIAM K. HARRINGTON
                                        UNITED STATES TRUSTEE

                                By:     /s/ Shara C. Cornell
                                        Shara C. Cornell
                                        Trial Attorney
                                        One Bowling Green
                                        New York, New York 10004
                                        Tel. No. (212) 510-0500