ROBINSON & COLE LLP
Patrick M. Birney
Brian R. Smith (*Admitted Pro Hac Vice*)
Annecca H. Smith
666 Third Avenue, 20th floor
New York, NY 10017
Direct 212.451.2900
Fax 212.451.2999

*Attorneys for Bankwell Bank and Bankwell Properties, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
| WILLIAMSBURG BOUTIQUE LLC, | Case Number: 23-22587 (KYP) |
|  | Re: Docket Nos. 151, 173 |
| Debtor. |  |

**REPLY IN SUPPORT OF MOTION PURSUANT TO § 1112(b) OF THE BANKRUPTCY CODE TO DISMISS THE DEBTOR'S CHAPTER 11 CASE**

TO:   THE HONORABLE JUDGE KYU Y. PAEK
      UNITED STATES BANKRUPTCY JUDGE

The movant, Bankwell Bank (hereinafter "Bankwell"), hereby files this reply ("Reply") to the *Objection to the Motion of Bankwell Bank Seeking Entry of an Order Dismissing Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b)* (the "Dismissal Objection") [Docket No. 173] and in support of its *Motion Pursuant to § 1112(b) of the Bankruptcy Code to Dismiss the Debtor's Chapter 11 Case* (the "Motion to Dismiss") [Docket No. 151] and respectfully states as follows:

## PRELIMINARY STATEMENT[1]

1.  From the inception of this case, Bankwell has expended tremendous efforts to preserve its rights and move these proceedings to a conclusion, only to be met time and time again by delay tactics from the Debtors and its principal, Juda Klein. Having finally closed the Sale of the Property that constituted the sole asset of the single asset real estate Debtor, Bankwell has once again sought to bring these cases to a conclusion through the Motion to Dismiss, and is once again confronted with specious arguments and delay tactics.

2.  The Motion to Dismiss establishes, based on the record of this case, multiple independent grounds constituting "cause" for dismissal pursuant to section 1112(b)(4) of the Bankruptcy Code. Puzzlingly, the Dismissal Objection argues that dismissal is inappropriate because "bad faith" has not been established. Bankwell at no point argued that the case was filed in bad faith. Because the actual legal argument in the Dismissal Objection does not respond to the Motion to Dismiss, the Motion to Dismiss should be granted.

3.  The Dismissal Objection also includes a disjointed "Summary of the Objection" that does not relate to the legal argument raised, but appears to apply incorrect standards for analyzing dismissal and argues primarily that the pending Adversary Proceeding and Sale Order Appeal prevent this Court from dismissing this case. This is incorrect. Even if this Court considered the apparent arguments raised in the Summary of the Objection (it should not), dismissal is nevertheless appropriate.

4.  Sixteen months into this case, the Debtor is now a single asset real estate debtor that has sold its single asset real estate. It is undeniably time to put an end to the constant delay tactics and dismiss this case.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion to Dismiss.

## REPLY IN SUPPORT

**A.     The Motion to Dismiss Should be Granted Because the Objection Does Not Even Attempt to Refute the Articulated Grounds for Dismissal**

5.     After acknowledging the non-exhaustive nature of section 1112(b)(4)'s list of grounds for dismissal, the Legal Argument portion of the Dismissal Objection analyzes one basis for dismissal: the non-enumerated requirement that a bankruptcy case be filed in good faith. Dismissal Objection 4-7. However, at no point in the Motion to Dismiss or the Trustee Motion does Bankwell even allude to whether this case was filed in good (or bad) faith.[2]

6.     Instead, the Motion to Dismiss argues that dismissal is **required** by the Bankruptcy Code on three independent, statutory grounds for "cause," namely that (i) there is a "substantial and continuing loss to and diminution of the estate and the absence of a reasonable likelihood of rehabilitation," 11 U.S.C. § 1112(b)(4)(A); (ii) the Debtor has failed to timely pay taxes owed, 11 U.S.C. § 1112(b)(4)(I); and (iii) the Debtor has failed to comply with a Court Order by not paying the Mediator, 11 U.S.C. § 1112(b)(4)(E). While it appears that the mediator has been paid, Debtor apparently has failed to comply with a Court Order by not paying its Special Litigation Counsel Pastore LLC. *See Special Counsel's Request for Status Conference* [Docket No. 162]. This further supports dismissal.

7.     As noted in the Motion to Dismiss, there are no "unusual circumstances" that require the continuance of this case[3] or appointment of the Trustee, and the "catch-all" exception to mandatory dismissal or conversion does not apply.

---

[2] The Dismissal Objection explicitly misstates Bankwell's argument when it states that "Despite Movant's assertions to the contrary, very few of the factors in *C-TC 9th Ave. P'Ship.* are present in this case." Dismissal Objection 6. Just as the phrase "bad faith" appears nowhere in either the Motion to Dismiss or the Trustee Motion, neither of those motions cites *C-TC 9th Avenue Partnership*.

[3] *See* Section B, *infra*, concerning why neither the pending adversary proceeding nor the pending appeal of the Sale Order constitute unusual circumstances or otherwise prevent dismissal.

3

8.     Because the Dismissal Objection utterly fails to dispute the actual grounds for dismissal articulated in the Motion to Dismiss, the Motion to Dismiss should be granted.

B.    **The Unsupported Arguments in the Summary of the Objection Likewise Do Not Prevent Dismissal**

9.     The "Summary of the Objection" in the Dismissal Objection does not correspond to the actual argument described, *supra*, and contains no citation of legal authority.  Dismissal Objection 1-3.  Accordingly, this Court should disregard the entirety of the Summary of Objection.  Bankwell objects to any attempt the Debtor may make to supplement the argument with additional legal authority and, should the Court permit such supplemental authority at oral argument, further reserves its rights to supplement its response, including in a post-hearing brief.

10.    In an effort to clarify the issues before this Court, Bankwell responds herein to two apparent contentions from the Summary of the Objection: (i) that the pending adversary proceeding (the "Adversary Proceeding") bars dismissal; and (ii) that the pending appeal of the Sale Order (the "Sale Order Appeal") bars dismissal.

11.    First, in the case of both the Adversary Proceeding and the Sale Order Appeal, the claims are without merit.  This Court has already heard argument on and taken under consideration Bankwell's Motion to Dismiss the Adversary Proceeding, and Bankwell intends to expeditiously move to dismiss the Sale Order Appeal.

12.    "Unusual circumstances" that may bar dismissal[4] are those that "are not common to chapter 11 cases generally."  7 Collier on Bankruptcy ¶ 1112.05[2] (2024).  Neither a pending appeal nor a pending adversary proceeding are uncommon in chapter 11 cases.

---

[4] As noted in the Motion to Dismiss, the "unusual circumstances" catch-all does not apply to circumstances where there is a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation."  11 U.S.C. § 1112(b)(2)(B), (4)(A).

4

13. The Motion to Dismiss remains unaffected by the Sale Order Appeal. Keap Street LLC ("Keap Street") failed to obtain a stay of the Sale Order and the Debtor conveyed the Property to Bankwell Properties, Inc. on November 18, 2024. In turn, section 363(m) of the Bankruptcy Code bars Keap Street from actually obtaining relief in the Sale Order Appeal, its frivolous contentions notwithstanding. The Sale Order Appeal does not foreclose adjudication of the Motion to Dismiss. *See generally In re Castaic Partners II, LLC*, 823 F.3d 966, 968 (9th Cir. 2016) (noting underlying bankruptcy proceeding's dismissal during pending appeal); *In re Thomason*, 642 B.R. 8, 31 (Bankr. D. Idaho 2022); *In re Aponte*, No. 28-cv-05108, 2019 WL 3833469 (E.D. Pa. Aug. 15, 2019); *In re Midland Marina, Inc.*, 259 B.R. 683 (8th Cir. BAP 2001).

14. Similarly, the Motion to Dismiss should not be impacted by the pendency of the Adversary Proceeding. "As a rule, related [adversary] proceedings should be dismissed when the underlying bankruptcy case is terminated." *In re CCT Commc'ns, Inc.*, 420 B.R. 160, 176 (Bankr. S.D.N.Y. 2009). In addition, courts may analyze the dismissal of adversary proceedings within the order dismissing the main bankruptcy proceeding, *see In re JJ Arch LLC*, 663 B.R. 258, 291 (Bankr. S.D.N.Y. 2024), which Bankwell believes is appropriate here.

15. Courts may "nevertheless deviate from the general rule" of dismissing related adversary proceedings when cause to do so is shown. *CCT Commc'ns*, 420 B.R. at 176. In *CCT Communications*, the court explicitly found that the pending adversary proceeding did not present "unusual circumstances," **even where** the creditor moving for dismissal had waited to file for dismissal until the statute of limitations had run on certain adversary claims. *Id.* at 175-76. Bankwell believes dismissal of the Adversary Proceeding is necessary and appropriate, but

even if the Court finds otherwise, the Motion to Dismiss should be granted because this Court can retain jurisdiction over the Adversary Proceeding. *Id.*

16. Further, as noted in the Motion to Dismiss, pending litigation is too speculative to support a finding that confirmation is "reasonably likely," as required by the statute. *See* Motion to Dismiss ¶ 22 (collecting cases); 11 U.S.C. § 1112(b)(4)(A). The Summary of the Objection couches outcomes as hypotheticals or possibilities,[5] which is not the appropriate standard.

17. Even if this Court found unusual circumstances present, the Motion to Dismiss should be granted because the Debtor's Objection does not—and cannot—establish the other requisite elements in section 1112(b)(2), most notably (b)(2)(A), "there is a **reasonable likelihood** that a plan will be confirmed . . . ." 11 U.S.C. § 1112(b)(2)(A). Again, even the Dismissal Objection frames a plan as a "possibility," not a reasonable likelihood. *See supra* note 5. The Dismissal Objection also does not address either requirement of (b)(2)(B), that there is a "reasonable justification for the act or omission," and that the act or omission "will be cured within a reasonable period of time." 11 U.S.C. § 1112(b)(2)(B).

18. As noted above, Bankwell's partial response here is intended as a good-faith effort to narrow the issues before the Court and should not be deemed a waiver of its right to respond to any other issues raised in the Summary of the Objection.

[ *Continued on following page* ]

---

[5] "**In the event that** the Debtor is successful on its claims, Bankwell's disputed claims **may** be subordinated . . . paving the way for a confirmable plan of reorganization . . . ." Dismissal Objection 2 (emphasis added). "Until the Debtor's claims against Bankwell are fully and finally adjudicated, including any appeals thereon, **it is still possible** that the Debtor can promulgate and confirm a plan of reorganization." *Id.* (emphasis added).

## **CONCLUSION**

For the reasons set forth above and in the Motion to Dismiss, this Court should enter an order dismissing, with prejudice, the Debtor's Chapter 11 case for cause pursuant to § 1112(b) of the Bankruptcy Code.

December 16, 2024                                         BANKWELL BANK

By: /s/ *Patrick M. Birney*
ROBINSON & COLE LLP
Patrick M. Birney
Brian R. Smith (*Admitted Pro Hac Vice*)
Annecca H. Smith
666 Third Avenue, 20th floor
New York, NY 10017
Direct 212.451.2900
Fax 212.451.2999
pbirney@rc.com
bsmith@rc.com
asmith@rc.com

*Counsel for Bankwell Bank*